[No. 9167.   Department One.   October 28, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. W. H. SMITH, *Appellant*.[1]

LARCENY—INFORMATION—EVIDENCE—ADMISSIBILITY—INSTRUCTIONS. Under a prosecution for the larceny of meat, groceries and other articles of food supplies, evidence of the misappropriations of gunny-sacks is inadmissible; and the error is intensified by instructing the jury that before finding the defendant guilty of stealing gunny-sacks, they must find that they were of some appreciable value.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered March 22, 1910, upon a trial and conviction of petit larceny.   Reversed.

*Gordon Mackay* and *Sam P. Ridings*, for appellant.

*John M. Wilson*, for respondent.

MOUNT, J.—The appellant was convicted of the crime of petit larceny, under an information charging that he

"Did unlawfully and feloniously, and with intent to deprive and defraud the owner thereof, steal, misapply, and appropriate to his own use certain property, consisting of meat, groceries, and other articles of food supplies, belonging to the Molbery Lumber & Shingle Company, and being of the value of $100 and upward," etc.

He appeals from the sentence pronounced on the verdict.

Several questions are argued, but all are without merit except the one hereinafter considered.   During the progress of the trial, the court, over the objection of the appellant, received evidence to the effect that defendant sold at different times and in the aggregate one hundred and ten gunny-sacks at three cents apiece.   After this testimony was given, the appellant moved the court to strike it out, for the reason that it was irrelevant and immaterial and was not included in the information.   In denying the motion, the court said: "I think the jury can judge as well as the court

[1] Reported in 111 Pac. 342.

can whether these are groceries or not." This ruling was clearly error. The defendant was accused of stealing and misappropriating "meat, groceries, and other articles of food supplies." Gunnysacks, as such, are not meat, groceries or articles of food supplies, and would not be commonly so considered. The court erred in receiving the evidence, and should, therefore, have stricken it out.

It appears, that the defendant and his wife had been employed by the Molbery Lumber & Shingle Company to do cooking for men employed by that company; that during the time of this employment certain meat, bread, and meals had been sold by appellant to certain persons. It was claimed by the prosecution that these sales were made in violation of orders, and that the appellant had failed to account for the proceeds thereof. The appellant testified that he was authorized to make certain sales of such articles, and that he fully accounted therefor. The appellant admitted, however, that he had authorized his little boy to gather up certain old gunnysacks around the camp and to dispose of them, and that no account was made thereof. In instructing the jury upon this question, the court said:

"There has been some testimony in this case with reference to the sale by the defendant of certain gunnysacks, with reference to which you are advised and instructed that, before you can find the defendant guilty of appropriating or stealing said gunnysacks, you must find from the evidence beyond a reasonable doubt that said gunnysacks were of some appreciable value, and were intrusted to the defendant and misappropriated as stated in the information."

This instruction intensified the error of receiving the evidence above stated, because it assumes that the defendant was charged by the information "with appropriating or stealing said gunnysacks," when such was not the case, and there was no such issue presented by the information. In view of the conflicting character of the evidence upon the items charged in the information, the jury might well have believed, and probably did believe, that this was the only item

upon which conviction could be based, and for that reason returned the verdict which was rendered.

The judgment must be reversed, and the cause remanded for a new trial.

RUDKIN, C. J., FULLERTON, GOSE, and PARKER, JJ., concur.